# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

**In re:**

    **Calvin and Darcie Pareo,**
    **Debtors.**                                **No. 11-05-51043 MR**

## ORDER DENYING, IN PART, and GRANTING, IN PART, MOTION TO QUASH SUBPOENA DUCES TECUM OF PORTALES LIVESTOCK AUCTION, INC.

THIS MATTER is before the Court on the Motion to Quash Subpoena Duces Tecum (the "Motion") filed on March 15, 2006 by Portales Livestock Auction, Inc. ("PLAI") against Bank of America, a creditor in this bankruptcy proceeding who served the Subpoena Duces Tecum (the "Subpoena") on PLAI in care of its registered agent Randy Bouldin ("Bouldin"). The Court held a hearing on the Motion on June 28, 2006 and took the matter under advisement.

Bank of America seeks information regarding proceeds of loans to the Debtors which it alleges were transferred to PLAI by the Debtors. The following business records are listed in the Subpoena:

    1. PLAI's financial statements including balance sheets, income statements, cash flow records, tax returns and ownership listings for the years 2000 through 2005; and

    2. PLAI's bank statements, month-end financial statements showing individual cash accounts and cash receipt and disbursement journals for the period from November 31, 2004 through December 31, 2005.

Subpoenaes for production of documentary evidence are governed by Rule 45(b), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 9016, which allows a party to require a person to produce such books, papers, documents, or tangible things as are described therein. *In re Bergeson*, 112 F.R.D. 692, 695 (D.Mont. 1986). On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it requires

1

disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A)(iii) and (iv).

PLAI bears the burden of proving that the Subpoena should be quashed. *Id.* PLAI asserts in its Motion that the information sought by the Subpoena is irrelevant to the issues in this bankruptcy proceeding, that the production of documents would be unduly burdensome and expensive, and that the documents contain private information of individuals or other entities. However, PLAI did not pursue these arguments at the hearing on its Motion. Instead, PLAI argued that the Subpoena violates Bouldin's Fifth Amendment privilege against self-incrimination.[1] It is this issue that the Court now addresses.

PLAI asserts that although the Subpoena was served on Bouldin only as PLAI's registered agent, he should not be compelled to produce the corporate records because the records might contain information that could incriminate him personally. However, the Supreme Court has held that a corporate representative cannot avoid producing corporate documents by asserting his individual Fifth Amendment privilege against self incrimination. *See Braswell v. United States*, 487 U.S. 99, 102, 108 S.Ct. 2284, 2287, 101 L.Ed.2d 98 (1988) (agreeing with lower court that "collective entity doctrine" prevented a corporate agent from asserting that corporate records are protected by the Fifth Amendment) citing *Bellis v. United States*, 417 U.S. 85, 88, 94 S.Ct. 2179, 2182, 40 L.Ed.2d 678 (1974) (holding that an individual cannot rely on the privilege to avoid producing records of a corporation or other "collective entity" that are in

---

[1] The Fifth Amendment provides, in pertinent part, that no person "shall be compelled in any criminal case to be a witness against himself[.]" U.S. Const. amend. V.

2

his possession in a representative capacity).² As stated by the Supreme Court in *Braswell*, "[t]here is no question but that the contents of the subpoenaed business records are not privileged." *Id.* citing *United States v. Doe*, 465 U.S. 605, 612, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984) and *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). Therefore, the Subpoena will not be quashed because the documents requested might contain incriminating information that could be used against Bouldin.

PLAI next asserts that the act of producing the documents is a testimonial act that itself could incriminate Bouldin in violation of his Fifth Amendment right. Specifically, PLAI argues that if forced to produce corporate records, Bouldin would admit to having knowledge of their contents, which could be incriminating. The Supreme Court recognizes that the act of producing documents can be privileged if it is a testimonial act that could be incriminating. *See Braswelll*, 487 U.S. at 103 (stating that in some cases, the Court has held that the act of producing documents might involve testimonial self-incrimination and is privileged) citing *Doe*, 465 U.S. at 613, n.11. and *Fisher*, 425 U.S. at 409. However, the Supreme Court rejects this type of testimonial privilege with respect to corporate agents. *Braswell.* 487 U.S. at 119. In *Braswell* the Supreme Court held that a corporate agent may not resist a subpoena on Fifth Amendment grounds even if the act of producing the documents might incriminate him. *Id.* at 108-09. The Court concluded that any claim of Fifth Amendment privilege asserted by a corporate agent would be tantamount to a claim of privilege by the corporation, which possesses no privilege. *Id.*

---

² Counsel for Randy Bouldin argued at the hearing that the Subpoena was served on Bouldin as the registered agent of PLAI, not as the records custodian. This makes no difference to the outcome here as Bouldin is the sole shareholder and president of PLAI and has control of the business records.

3

at 109-10. Since corporations have no right to assert the privilege; likewise, agents of corporations cannot assert the privilege with respect to information discovered either in the content of the documents or in the act of production of corporate documents. *Braswell*, 487 U.S. at 109.[3] Because the Subpoena requests corporate records from Bouldin as an agent of PLAI, he cannot assert the Fifth Amendment privilege to avoid producing the records.

Though not argued at the final hearing, PLAI's Motion raises arguments concerning relevancy, burden of production and privacy. Irrelevance is not contained within the list of enumerated reasons for quashing a subpoena found in Rule 45; however, the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34, applicable in bankruptcy by Fed.R.Bankr.P. 7026 and 7034. *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D.Kan.2003)(citations omitted). Demonstrating relevance is the burden of the party seeking discovery. *Id.* Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *Id.* Upon review of the Subpoena, the Court finds that the records requested from PLAI are relevant to this proceeding because they are intended to allow a creditor to attempt to trace the Debtors' use of loan proceeds. In addition, PLAI has the burden of showing that production of the records

---

[3] In *Braswell* the Court stated with regard to its decisions in this area,
> [T]he Court has consistently recognized that the custodian of corporate or entity records holds those documents in a representative rather than a personal capacity. Artificial entities such as corporations may act only through their agents, . . . and a custodian's assumption of his representative capacity leads to certain obligations, including the duty to produce corporate records on proper demand by the Government.

*Id.* at 110 (citation omitted).

4

requested would be unduly burdensome and expensive. PLAI has not met its burden. The requested records are the type of records generated in the regular course of a corporation's business. PLAI presented no evidence at the final hearing on the Motion concerning the volume of the requested documents. Regarding the claim of privacy, the Subpoena is directed to PLAI and seeks corporate records, not the personal records of Randy Bouldin. PLAI presented the Court with no evidence at the final hearing to support its argument that the Subpoena directed to PLAI contains personal information. However, item 7. contained in the Subpoena dated April 4, 2006 requests documents pertaining to "personal financial transactions", and item 10. requests documents pertaining to purchases or sales of real property "made by any entity or person controlled by Portales Livestock Auction, Inc." By separate order, the Court granted the Motion to Quash filed by Randy Bouldin as to the subpoena served on Randy Bouldin in his individual capacity. To the extent item 7. and/or item 10. contained in the Subpoena dated April 4, 2006 directed to PLAI seeks the personal financial information of Randy Bouldin individually, the Motion will be granted.

    THEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED, in part, and GRANTED, in part. PLAI shall not be required to produce records indicated in items 7. or 10. to the extent they seek the personal financial records of Randy Bouldin.

    ORDERED FURTHER, that PLAI shall produce all other records indicated on the Subpoena within 20 days of the date this Order is entered.

_____
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

Copies to:

5

William H. Keleher
Attorney for Bank of America
P.O. Box 2168
Albuquerque, NM 87103

Wesley O. Pool
Attorney for PLAI
400 Pile Street, Suite 100
P.O. Box 410
Clovis, NM 88102